NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE DEPENDENCY AS TO A.G.

No. 1 CA-JV 26-0088
FILED 8-11-2026

---

Appeal from the Superior Court in Mohave County
No. S8015JD202500072
The Honorable Rick A. Williams, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1        Susan S. ("Mother") appeals the superior court's amended order of dependency.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother gave birth to A.G. ("Child") in 2019.  In July 2025, the police arrested Mother.  While Mother was in jail, Child lived with Mother's roommate in a "known drug house" with "hoarder conditions."  Mother's boyfriend and Child's aunt took Child away from Mother's roommate, but Mother objected to Child remaining with her boyfriend, because he had previously been accused of sexually assaulting Child.  In August 2025, the Department of Child Safety ("DCS") received a report about Child and took him into custody.

¶3        DCS filed a dependency petition alleging Child was dependent as to Mother based on neglect and inability to provide proper and effective parental care and control.  *See* A.R.S. § 8-201(15)(a)(i), (iii).  Mother took hair-follicle and urine drug tests for DCS.  Mother's hair-follicle test came back positive for methamphetamine, and her urine test came back positive for alcohol and THC.  Mother complained that random testing interfered with her work schedule, so DCS offered to conduct the tests at set times and use a testing location closer to her workplace.  Despite these accommodations, Mother did not submit to additional testing.

¶4        In November 2025, the superior court held a contested dependency proceeding.  The superior court issued an order adjudicating Child dependent as to Mother.  Mother appealed.  On appeal, DCS conceded error, and this Court vacated the superior court's order and remanded for further proceedings.

¶5        On remand, the superior court issued an amended order adjudicating Child dependent as to Mother.  In the amended order, the superior court found that "Mother has a long-term unhealthy relationship with substances."  The superior court noted Mother had recently tested positive for methamphetamine, alcohol, and THC.  The superior court concluded that Mother minimized and denied her substance abuse issues, which "prevent[ed] her from providing a safe, stable, and sober home for [Child]."  Mother timely appealed, and we have jurisdiction under A.R.S. §§ 8-235(A) and 12-120.21(A).

2

**DISCUSSION**

**¶6**        Mother argues the superior court's amended order of dependency is clearly erroneous and contrary to the substantial evidence in the record.  "A finding of dependency requires proof by a preponderance of the evidence." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016).  We review a dependency finding for an abuse of discretion and affirm unless no reasonable evidence supports the finding.  *Id.*

**¶7**        Mother argues that the superior court erred in finding Child dependent because the superior court relied on a 2025 pre-sentence report from Mother's criminal case in finding that Mother had substance abuse issues, but that report indicated Mother last used ecstasy in 2005, cocaine in 2006, and methamphetamine in 2022.  The superior court "must consider the circumstances as they exist at the time of the dependency adjudication hearing in determining whether a child is a dependent child." *Id.* at 48, ¶ 1.  Mother asserts the substance abuse issues referenced in the report are too remote to justify a dependency finding in 2026 and the superior court erred by relying on them.  We disagree.

**¶8**        While the superior court must consider the circumstances as they exist at the time of the dependency hearing, it need not disregard past circumstances if they constitute a "substantiated and unresolved threat" to the child at the time of the dependency hearing.  *See id.* at 51, ¶ 16.  "This is particularly true where, as here, the parent denies the alleged conduct." *Id.* The superior court did not abuse its discretion by considering Mother's history of substance abuse outlined in the pre-sentence report in making its dependency finding.  *See id*. at 51, ¶ 16 (noting that prior acts "need not be continuous or actively occurring at the time of the adjudication hearing to support a finding of dependency on these grounds; the substantiated and unresolved threat is sufficient").

**¶9**        Moreover, the superior court also considered Mother's August 2025 positive tests for methamphetamine, alcohol, and THC.  This recent evidence of drug use also supports the superior court's finding that "Mother neglected her child and is unwilling or unable to provide proper and effective parental care and control due to substance abuse."  Reasonable evidence supports the superior court finding that Child is dependent as to Mother and we do not reweigh this evidence on appeal.  *In re C.E.*, 260 Ariz. 209, 214, ¶ 25 (App. 2025).

## CONCLUSION

¶10       We affirm.

